UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
THE FERRY CAP & SET SCREW :
COMPANY, :
: CASE NO. 1:13-CV-256
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. No. 44, 45, 46]
INTERNATIONAL ASSOCIATION OF :
MACHINISTS AERO SPACE WORKERS :
WORKERS AFL-CIO DISTRICT LODGE :
54, *et al.*, :
:
Defendant. :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 7, 2013, Defendants International Association Of Machinists Aero Space Workers, AFL-CIO District Lodge 54 and Jack Baker (collectively the "Union") moved to stay this matter pending arbitration and to compel arbitration of Plaintiff Ferry Cap & Set Screw Company's ("Ferry Cap") claim that the Union violated the no-strike clause of the parties' collective bargaining agreement ("CBA").[1] Ferry Cap responded,[2] and the Union replied.[3] Because the parties have agreed to stay this matter pending arbitration, and because violation of the no-strike clause is an arbitrable issue, the Court **GRANTS** the Union's motion.

## I. Background

On February 5, 2013, Ferry Cap filed a complaint[4], a motion for a temporary restraining

---

[1] Doc. 44.
[2] Doc. 45.
[3] Doc. 46.
[4] Doc. 1.

Case No. 1:13-CV-256
Gwin, J.

order,[5] and a motion for a preliminary injunction[6] requesting the Court enjoin certain Union members from refusing to work overtime.[7] According to Ferry Cap, members of the Union were engaging in an illegal strike in response to Ferry Cap's announcement that it intended to transfer its "header" equipment to another location in Elyria, Ohio.[8] Ferry Cap said it planned to offer employment to all its header operators at the new location.[9]

The Union says it filed a grievance in response to Ferry Cap's demand that the header operators work overtime.[10] It says that Ferry Cap disciplined these workers, and thus, the Union filed grievances in response to the discipline.[11] The parties are arbitrating whether the transfer of the equipment violated the CBA.[12] But, the Union says that the parties have not arbitrated the issue of whether the refusal to work overtime violated the CBA's no-strike clause.[13]

On February 8, 2013, the Court entered a temporary restraining order enjoining the Union and its members from refusing to work overtime over the issue of the heading equipment transfer.[14] On March 3, 2013, the Court continued the restraining order until March 22, 2013, because the parties continued to conduct settlement discussions.[15]

## II. Law & Analysis

Now, the Union asks the Court to: (1) compel arbitration of Ferry Cap's claim that the

---

[5] Doc. 2.
[6] Doc. 3.
[7] Doc. 2-1.
[8] Doc. 1 at 6.
[9] Doc. 1-2 at 2.
[10] Doc. 44 at 2.
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] Doc. 26 at 3.
[15] Doc. 41.

Case No. 1:13-CV-256
Gwin, J.

Union's members violated the CBA's no-strike clause by refusing to work overtime and (2) stay this case pending the outcome of that arbitration.[16] Ferry Cap has responded,[17] and the motion is ripe for adjudication.

First, the Court finds that the no-strike issue is arbitrable, and thus, orders the parties to arbitrate liability and damages on this issue. "The issue of arbitrability is a question for the courts and is to be determined by the contract entered into by the parties, and 'a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'"[18] Here, both parties agree that the no-strike issue is arbitrable under the CBA.[19] Thus, Ferry Cap agreed to arbitrate this issue. Consequently, the Court finds that the no-strike issue is arbitrable and orders the parties to conduct arbitration.

Second, the Court stays this matter pending the outcome of the arbitration proceedings. Under the Federal Arbitration Act, where the Court finds the parties have agreed to arbitrate an issue, the Court "shall . . . stay the trial of the action until such arbitration has been had . . . ."[20] And here, both parties consent to a stay and to the extension of the temporary restraining order until arbitration is complete.[21] Thus, the Court stays this matter and extends the temporary restraining order[22] until the parties complete arbitration.

---

[16] Doc. 44 at 1.

[17] Doc. 45.

[18] *Drake Bakeries, Inc. v. American Bakery & Confectionery Workers Int.*, 370 U.S. 254, 256 (1962) (citing *United Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). To the extent Ferry Cap argues that the no-strike is issue is not arbitrable because only grievances are arbitrable, and only an employee can bring a grievance, the Court disagrees. *See Teamsters Local Union No. 89 v. Kroger Co.*, 3:07CV-351-R, 2008 WL 1735173 (W.D. Ky. Apr. 11, 2008). Here, Ferry Cap fails to point to any language in the CBA expressly preventing it from resolving its disputes under the CBA grievance procedure.

[19] Docs. 44 at 2; 45 at 1.

[20] 9 U.S.C. § 3.

[21] Docs. 44 at 1; 45 at 1.

[22] *See* Docs. 35; 37; 41.

Case No. 1:13-CV-256
Gwin, J.

Once the arbitration proceedings have concluded, the parties shall notify this Court in writing by electronic filing on this docket. At that time, the Court will schedule a status conference to decide whether to lift its stay and whether to schedule a preliminary injunction hearing.

### III. Conclusion

For the reasons above, the Union's motion is **GRANTED**.

IT IS SO ORDERED.


Dated: March 19, 2013                           s/     *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE